# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL EVERLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0023-CVE-JFJ |
| | ) |
| WASHINGTON COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's civil rights complaint (Dkt. # 2, supplemented by Dkt. # 6) and motion to proceed in forma pauperis (Dkt. # 3). For the reasons below, the Court will grant the motion but dismiss the complaint with prejudice.

**I.**

Plaintiff, appearing pro se, is incarcerated at the Lawton Correctional Facility (LCF) in southwest Oklahoma. See Dkt. # 2 at 1. He raises constitutional claims against the prosecutor in his state revocation proceeding; the presiding judge; and the county who employed them. Id. at 1-2. The following facts are drawn from plaintiff's complaint (Dkt. # 2) and supplement thereto (Dkt. # 6).

In 2003, plaintiff was charged with an unspecified crime in Washington County. See Dkt. # 6 at 4. Defendant Curtis Delapp - then a prosecutor - appeared for the state in a "benign . . . pretrial hearing." Id. at 5. Plaintiff eventually pled guilty, and the state court sentenced him to 20 years imprisonment, 15 of which were suspended. Id. In 2007, the state filed an application to revoke the

suspended sentence. Id. Defendant Kevin Buchanon [sic] represented plaintiff as defense counsel, and the application was dismissed. Id.; see also Dkt. # 2 at 3.

In 2012, the state again moved to revoke plaintiff's suspended sentence. See Dkt. # 6 at 5. By this time, Delapp had been appointed as the presiding judge, and Buchanon was the district attorney. Id. at 5, 9. Buchanon's name appeared on the revocation motion, though it does not appear he otherwise participated in the proceeding. Id. Plaintiff stipulated to violating the terms of his release and requested a residential treatment placement in lieu of incarceration. Id. at 5. Delapp instead ordered plaintiff to serve the remaining 15 years of his original sentence. See Dkt. # 2 at 3. Delapp resigned years later amidst unrelated accusations of voter fraud and abuse of power. Id. at 1.

Plaintiff filed a 42 U.S.C. § 1983 complaint (Dkt. # 2) on January 14, 2019. He appears to argue that Delapp and Buchanon had a conflict of interest in the 2012 revocation proceeding, and that their involvement violated his due process rights. See generally Dkt. # 2. The complaint names the Delapp, Buchanon; and Washington County, which employed both defendants. See Dkt. # 2 at 1-2. Plaintiff recites that he exhausted all available remedies through the Oklahoma appellate system and the state bar association, and that a civil action "now . . . is [the] proper way to get comp[en]sated." Id. at 5. He seeks $1 million in compensatory damages and $2 million in punitive damages. Id.

## II.

As an initial matter, plaintiff wishes to prosecute his claims without prepaying the $400 fee for this civil action.[1] See Dkt. # 3. Plaintiff's financial information reflects that he lacks sufficient

---

[1] The $400 civil fee consists of a $350 filing fee and a $50 administrative fee. See 28 U.S.C. § 1914; District Court Miscellaneous Fee Schedule, ¶ 14.

funds to prepay the filing fee. Accordingly, the Court will grant the in forma pauperis motion, which reduces the fee to $350, and allow plaintiff to pay in installments. See 28 U.S.C. § 1915(b). Pursuant to § 1915(b)(1), plaintiff shall be required to pay the full $350 filing fee as set forth below.

Within thirty days of the entry of this Order, plaintiff shall make an initial partial payment of **$62.64**, which represents 20 percent of the greater of: (1) the average monthly deposits, or (2) average monthly balance in plaintiff's inmate account(s) for the six-month period preceding the filing of the complaint. See 28 U.S.C. § 1915(b)(1). After payment of the initial fee, he must make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the entire $350. Id. at § 1915(b)(2).

The Court will enter an order directing LCF to collect, when plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. Id. Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court must dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. Id. at §§ 1915A, 1915(e). Monthly payments will be collected until full payment of the filing fee has been received by the Court even after dismissal of the case.

### III.

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. See 28 U.S.C. § 1915A(a). The Court must dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right

to relief about the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint . . . could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

Because plaintiff is pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Id. However, the generous construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. The Court need not accept "mere conclusions characterizing pleaded facts," see Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990), and it will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Applying these standards, the Court finds that plaintiff's complaint does not survive initial review. Delapp is absolutely immune from a civil rights suit based on actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." Id. (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)). The only exception is when a judge "acts clearly without any colorable claim of

4

jurisdiction." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990). As a state district judge, Delapp clearly had jurisdiction over the state revocation proceeding, notwithstanding any potential conflict of interest or unrelated allegations of fraud. Delapp is, therefore, immune from this suit.

The claims against Buchanon fail for similar reasons. State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409, 420-24 (1976). "[I]nitiating and pursuing a criminal prosecution" constitute "activities which are intimately associated with the judicial process. " Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990 (quotations omitted). Thus, plaintiff cannot sue Buchanon for signing the revocation application in spite of any potential conflict. To the extent plaintiff wishes to sue Buchanon in his capacity as private defense counsel, that claim also fails. Public defenders and "private [defense] attorneys . . . do not act under color of state law within the meaning of section 1983.'" Anderson v. Kitchen, 389 Fed. App'x. 838, 841 (10th Cir. 2010) (quoting Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)).[2]

As to the claims against Washington County, recovery is barred for two reasons. First, it is generally improper to hold a county liable under § 1983 for the acts of its employees based on a theory of respondeat superior. See Monell v. Dep't of Soc. Servs. Of New York, 436 U.S. 658, 691-94 (1978). Counties are only liable where the alleged constitutional violation is traceable to an official policy or custom. See Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 769-71 (10th Cir. 2013). There is no allegation that any Washington County policy caused Delapp or Buchanon the proceed in the face of a conflict of interest.

Finally, even if plaintiff could point to such a policy, his claims are barred under Heck v.

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

5

Humphry, 512 U.S. 477, 487 (1994). Heck held that the district court must dismiss any § 1983 damages claim that, if resolved in plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. Id. at 487. Challenging the impartiality of the judge and prosecutor, and requesting monetary damages for "7-years of i[m]prisonment," necessarily attack the criminal proceedings. See Dkt. # 2 at 5. Courts in the Tenth Circuit have agreed, repeatedly holding that Heck bars an award of damages for judicial and prosecutorial misconduct in the underlying criminal case. See Baldwin v. O'Connor, 466 Fed. App'x 717, 717 (10th Cir. 2012) (Heck barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the deputy district attorney who prosecuted [plaintiff] and the district-court judge who presided in his case"); Murphy v. Willmore, 752 Fed. App'x 653, 656 (10th Cir. 2018) (same); Zudell v. Van Horn, 2018 WL 2248592, at *2 (E.D. Okla. May 16, 2018) (Heck barred recovery by a plaintiff seeking money damages based on defense counsel's alleged conflict of interest).

For these reasons, the complaint fails to state a claim upon which relief can be granted.

**IV.**

Having determined the complaint fails to state a claim, the Court will sua sponte consider whether to dismiss the case with prejudice or allow plaintiff to amend the pleading. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se plaintiffs should normally be given an opportunity to remedy defects in their pleadings. Id. However, the Court is not required to sua sponte grant leave to amend where the factual predicate for the lawsuit is clear and any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004). In this case, amending the complaint would be futile because plaintiff's conviction has not been vacated, and he cannot recover

money damages from the parties responsible for his prosecution and/or incarceration. The Court will therefore dismiss the complaint with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 3) is **granted**.

2. Within thirty days of entry of this Order, plaintiff must submit an initial partial payment of **$62.64**. Plaintiff must continue making payments equal to 20 percent of his monthly income until the $350 fee is paid in full.

3. Plaintiff's complaint (Dkt. # 2, supplemented by Dkt. # 6) is **dismissed with prejudice**, and the Court will enter a separate judgment disposing of this case.

**DATED** this 29th day of April, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE